WHITNEY *v.* MIXON.

Opinion delivered December 22, 1917.

1. APPEAL AND ERROR—UNDISPUTED FACTS—PLEADINGS TREATED AS AMENDED.—Pleadings will be treated as amended to conform to undisputed facts, which become part of the record without objection.

2. REAL ESTATE BROKERS—COMMISSIONS—ABROGATION OF CONTRACT.—Appellant employed appellee to sell certain land for him. Appellee introduced one B. to appellant, and later B. arranged a sale of the land stating that he was acting for appellee. Appellant asked appellee if this were true and appellee confirmed B.'s statement. The sale was consummated. *Held,* thereafter appellee could not maintain against appellant a separate suit for commissions.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; reversed.

*Smith & McCulloch,* for appellant.

1. The contract of June 30 was abrogated and replaced by a subsequent contract made by a representative of appellee, who had authority to make the same. As the evidence was at least conflicting the matter should have been referred to a jury.

2. Appellee is estopped to deny Brickey's authority to change the contract.

*Mann, Bussey & Mann,* for appellee.

1. Appellant seeks a reversal on a theory not in issue in the court below.   104 Ark. 276.

2. He was not misled.   The testimony is clear that the sale was made through plaintiff's efforts and agency and the law makes him liable.   96 Ark. 23; 89 *Id.* 195; 89 *Id.* 289.   Appellee is not bound by Brickey's contract. The sale was made within the sixty days allowed by the first contract.

HUMPHREYS, J.   Appellee instituted suit against appellant in the Lee Circuit Court to recover $1,250 alleged to be due him from appellant as a commission for selling the Red Oak plantation in Lee County, Arkansas,

pursuant to a contract entered into between them on June 30, 1916, to the effect that appellant would pay appellee five per cent., to sell said plantation for $25,000 cash, within the next sixty days.

Appellee denied liability on the ground that the sale was not made pursuant to the contract of June 30, 1916, but was effected through a contract made between appellant and G. S. Brickey on September 1, 1916, after the expiration of the time fixed in the contract of June 30.

The undisputed facts are in substance as follows: Appellant employed appellee to sell his Red Oak plantation in Lee County within sixty days for $25,000 cash, and agreed to pay him five per cent. for making the sale. Appellee approached G. S. Brickey with the proposition, who induced Connor Bros. to look at the place with a view to buying same. Appellee went to Texas on a vacation. In his absence G. S. Brickey called appellant, who was in Illinois, over phone, stating that he represented appellee, and arranged for appellant to meet him in Memphis. At the meeting a written contract for the sale of said real estate was entered into between appellant and Brickey, whereby appellant agreed to accept $25,000 net for the property, and to convey it to Brickey's purchaser for such price as Brickey might sell it for. This contract was dated August 19, 1916, but was not signed until the first day of September, 1916. On September 4 following, appellant wrote to appellee that he had contracted for the sale of said place in Lee County to G. S. Brickey and that Brickey had notified him that he was representing appellee in the sale. On the following day, appellee wrote appellant as follows: "You are correct in saying that Mr. Brickey represented me in the sale of your place. I was away on my vacation at the time, and really should have written you about the trade we had up, as we were practically sure at the time I left here that these gentlemen (Connor Bros.) were going to buy it." The sale to Connor Bros. was completed and appellant refused to pay appellee any commission and this suit was begun.

The court refused to send the case to the jury, and over the objection of appellant instructed a verdict for the amount claimed.

Proper steps were taken, and the cause is here on appeal.

Appellant contends that under the undisputed facts appellee was not entitled to recover and that the court committed error in charging the jury to that effect. It is said by appellant that the second contract abrogated the contract of June 30, upon which appellee predicated his suit. Appellee contends, on the other hand, that appellant tried his case out in the lower court upon the theory that appellee forfeited all right under his contract of June 30, 1916, by failing to make a sale within the time, and that the sale was made, if at all, under a different contract with a third party; and that appellant will not now be permitted to try the case out on the theory that the latter contract abrogated the first. It is true that the substituted answer defended on the ground that the sale was made in pursuance to a contract entered into between Brickey and appellant subsequent to the time specified in the contract made between appellee and appellant; but evidence was introduced without objection to the effect that Brickey represented appellee in making the sale which was consummated. The court will treat the pleadings as amended to conform to the undisputed facts in the case, which became a part of the record without objection. Under the pleadings as amended, the real issue in the case is whether or not the contract of June 30 was abrogated by the contract of September 1. Appellant was induced to make the contract on September 1 with G. S. Brickey, upon the representation by Brickey that he represented appellee with whom appellant had made the first contract. After making the contract of September 1, before closing the deal with Connor Bros., appellant took the precaution of ascertaining from appellee whether G. S. Brickey had authority to represent him in the sale of said land, and informed him that he had signed a written contract for the sale of said real estate

in Memphis with G. S. Brickey. Thereupon, appellee confirmed Brickey in his statement that he was acting for him. It will be observed that the last contract was beneficial to appellant and appellee, in that it provided for a net sale price to appellant of $25,000 and enlarged the opportunity of appellee for a commission or profit. Appellee was informed by appellant that he had entered into a written contract with G. S. Brickey for the sale of the plantation and that Brickey claimed to represent him in the sale. Appellee immediately informed appellant that he and Brickey had the matter up with Connor Bros. before he left on his vacation and that Brickey did represent him in said sale. If Brickey had no authority from appellee to make a written contract for the sale of the property with appellant, appellee should have immediately informed appellant to that effect. The letter written by appellee used the word "we" in referring to Brickey and himself in connection with the sale to Connor Bros., and in no way restricted Mr. Brickey's authority to represent him in the deal. We think the first contract was abrogated by the last, and that no liability existed in favor of appellee against appellant for commissions under the first contract which constituted the basis of this suit. The court, therefore, committed error in instructing a verdict and rendering judgment thereon in favor of appellee.

The judgment is reversed, and it appearing that appellee has no cause of action under the amended pleadings and undisputed facts in the case, the complaint is dismissed.